UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

RICARDO BUSTOS,

      Plaintiff,

      v.

LAKE STATION POLICE DEPARTMENT,
*et al.*,

      Defendants.

CAUSE NO. 2:26-CV-00140

## **OPINION AND ORDER**

Plaintiff Ricardo Bustos, proceeding without the benefit of a lawyer, initiated this case and filed a motion asking to proceed in forma pauperis on March 27, 2026.

When presented with an IFP application filed by a non-prisoner, the district court makes two determinations: (1) whether the suit has sufficient merit; and (2) whether the plaintiff's poverty level justifies IFP status. *See* 28 U.S.C. section 1915(e)(2). If a court finds that the suit lacks sufficient merit or that an inadequate showing of poverty exists, the court must deny the IFP petition. *Smith v. Galipeau*, 2024 U.S. Dist. LEXIS 113411, at *1 (N.D. Ind. Jun. 27, 2024); *see Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757 (7th Cir. 1988). A court must dismiss a case any time it determines that the suit is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

To determine whether the suit states a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), a court applies the same standard as it would to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Smith*, 2024 U.S. Dist. LEXIS 113411, at *2 (citing *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015)). To survive dismissal, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Relevant to the case at bar, "[a]

document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

In this case, Plaintiff satisfies the financial prong of the analysis, so the Court turns to whether the suit has sufficient merit to proceed.  In his Complaint, Plaintiff alleges that Defendants, Officer Jezerski, Officer Koselke, Lake Station Police Department, Corporal Dokmanovic, and Detective Boney, violated 18 U.S.C. § 1983 when they used excessive force when entering his home to arrest him. [DE 1 at 2].  While he describes the events that took place and the force used, he fails to specify each of the named Defendants involvement with said events. [*Id.*].  Rather, he claims that "Officers were on top of [him]" and "Officers hit [him]." [*Id.*]. Although the Court could infer that "Officers" refer to Defendants Jezerski and Koselke, there are no allegations in the Complaint tying the remaining Defendants, Lake Station Police Department, Corporal Dokmanovic, and Detective Boney, to the misconduct complained of. This is insufficient, even when construed liberally, to plausibly state a claim for relief against each of named Defendants. *See Orr v. Shicker*, 147 F.4th 734, 741 (7th Cir. 2025) (holding that "plaintiffs must adequately connect specific defendants to illegal acts" in order to state a plausible claim for relief).

 If Plaintiff believes that he can state a claim against each of the named Defendants based on the events described in the Complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amended would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

For these reasons, the Court:

(1) **TAKES UNDER ADVISEMENT** the Motion to Proceed in Forma Pauperis [DE 2];

(2) **GRANTS** Plaintiff until **April 30, 2026** to file an amended complaint; and,

(3) **CAUTIONS** Plaintiff that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current Complaint does not state a claim for which relief can be granted.

SO ORDERED on April 2, 2026.

s/ Gretchen S. Lund
JUDGE GRETCHEN S. LUND
UNITED STATES